I respectfully dissent from the majority opinion herein as to assignment of error three. I concur with the majority as to assignments of error one and two.
On March 11, 1992, the Mahoning County Grand Jury filed a secret indictment against appellant and others, setting forth two counts of pandering obscenity against all defendants. This case was thereafter transferred to Mahoning County Court No. 2, in Boardman, Ohio. Following his arrest, appellant pled not guilty to the aforementioned charges at his arraignment on April 7, 1992. This matter then proceeded to bench trial on August 16, 1993.
The testimony elicited at trial revealed that appellant was employed as a store manager by co-defendant, Vidcap, Inc., located in Boardman, Ohio. On October 9, 1991 and again on December 23, 1991, Detective Jeff Heaver of the Boardman Township Police Department entered Vidcap, Inc., buying one video tape from Robin L. Daniels, a sales clerk, on each visit, to wit: Raunch-O-Rama Climatic Scenes #5 and Raunch-O-Rama Climatic Scenes #28, respectively. The testimony further indicated that appellant was not present at the store on the dates when Detective Heaver made his purchases. (Tr. 6-12, 21, 30). Appellant did go into the store on December 23, 1991, following Detective Heaver's purchases, to assist in the inventory.
Detective Heaver testified at trial that he did not know the nature of appellant's duties at Vidcap, Inc. Robin L. Daniels also testified that the video tapes at issue herein came in sealed units; they were never played on the store's open video display screens; appellant did not stock the store with the video tapes in question; and, appellant did nothing to specifically offer the video tapes in question for sale. (Tr. 23-27).
Appellant's third assignment of error alleges:
 "The Court erred in finding the Defendant-Appellant guilty since the State failed to sustain it's burden of proof."
Appellant points out that pursuant to R.C. 2901.21, an accused is not guilty of a crime unless he has the requisite degree of culpability for each element of crime charged, for which a culpable mental state is specified. Appellant states the indictment charged that he had knowledge of the character of the material involved and knowledge is defined by R.C.2901.22(B) as being aware that certain circumstances exist.
Appellant submits that he never viewed the two sealed video tapes in question and therefore, did not have knowledge that they were obscene. Since appellant never viewed the video tapes in question, nor did anyone represent to him their content, he asserts that appellee failed to prove an element of the crimes with which he was charged. Additionally, appellant points to the fact that the indictment charges him with specified acts occurring on October 9, 1991 and December 23, 1991. The only act which appellant performed on either date was on December 23, 1991, when he came into the store to perform an inventory, following the purchases made by Detective Heaver. Appellant concludes that as appellee failed to prove every element of the crimes for which he was charged, his conviction should be reversed.
A review of the transcript of proceedings reveals that appellee only offered one witness at trial, Detective Heaver, and he was unable to conclusively state that appellant had knowledge of the contents of the video tapes in question. (Tr. 12-14). Without more it is simply too much to infer appellant's knowledge due to the sole fact that he was the manager of the store from which the video tapes were purchased. Accordingly, appellant's third assignment of error should be found to have merit.
Based on the foregoing, I respectfully dissent to the majority opinion in regard to appellant's third assignment of error and feel that the decision of the trial court should be reversed and the appellant-defendant discharged.
 ---------------------- Gene Donofrio Judge